# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN MURPHY, LEON HUBBARD, | § | |
| CATHERINE MOORE, KENDRIA | § | |
| NEWSOME, JAMES SENEGAL, | § | |
| DAVID JOUBERT and WILDA JOHNSON, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-02883 |
| | § | |
| MICHAEL CHARLES BUTLER and | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is plaintiffs' objections to defendants' motion for summary judgement evidence and motion to strike. Dkt. 65. Plaintiffs set forth several evidentiary objections. Having considered the arguments of the parties in light of the Federal Rules of Evidence, the court is of the opinion that plaintiffs' motion to strike should be DENIED.

Also pending before the court is defendants' objections to plaintiffs' summary judgement evidence and motion to strike. Dkt. 67. Defendants object to several deposition excerpts and affidavits in support of plaintiffs' response to defendants' motion for summary judgement. Having considered the arguments of the parties in light of the Federal Rules of Evidence, the court is of the opinion that defendants' motion should be GRANTED IN PART and DENIED IN PART.

Defendants' objections to plaintiffs' evidence are without merit, save two. Defendants object specifically to plaintiffs' exhibits "N" and "F." Paragraph 3 of exhibit "N," Kendria Newsome's affidavit, contains a long string of multiple layers of hearsay excluded under rules 801, 802 and 805. Furthermore, no hearsay exception under rule 803 applies to the statements in paragraph 3. Under

the two-step test set forth by the Fifth Circuit in *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990), paragraph 3 could still be admissible if the underlying facts would constitute admissible evidence at trial if presented in another form.  However, paragraph 3 still fails because there exists no conceivable form in which the underlying facts would be admissible at trial.  Therefore, paragraph 3 of Kendria Newsome's affidavit is STRICKEN.

Defendants also object to portions of plaintiffs' exhibit "F," the deposition of John Murphy. Page 54,  Line 24 through Page 56, Line 5 of John Murphy's deposition relays out of court statements excluded by the hearsay rules, and under the two-step test set forth in *Geiserman,* as applied above, the statements in John Murphy's deposition would not be admissible regardless of the form in which they were presented.  Therefore the specific portions of John Murphy's deposition referenced above are STRICKEN.

### Conclusion

It is therefore the opinion of this court that plaintiffs' motion to strike should be DENIED. It is further the opinion of this court that defendants' motion to strike should be GRANTED with respect to paragraph 3 of Kendria Newsome's affidavit and Page 54, Line 24 through Page 56, Line 5 of John Murphy's Deposition and DENIED with respect to defendants' remaining objections.

It is so ORDERED.

Signed at Houston, Texas on March 7, 2007.

_____

Gray H. Miller
United States District Judge