## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN MURPHY, *et al.*, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-2883 |
| | § | |
| MICHAEL CHARLES BUTLER AND | § | |
| HARRIS COUNTY, TEXAS, | § | |
|     *Defendants.* | § | |

### ORDER

Pending before the court is Harris County's motion for reconsideration of its motion for summary judgment. Dkt. 80. Upon consideration of the arguments of the parties and the applicable law, the court is of the opinion that the motion should be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

The facts of the underlying case are related in full in the court's memorandum opinion and order. *See* Dkt. 76. In that order, the court held that the plaintiffs had met their burden to show that Harris County should not be dismissed as a defendant. Plaintiffs argued that although the Harris County Commissioners' Court was the titular official policymaker with the power to hire and fire deputy constables, any alleged improper motive of Butler's should be imputed to the county commissioners' court under the rubber stamp theory. "The rubber stamp exception, stated simply, imputes the tainted motivations of the subordinate to the titular policymaker, if that policymaker essentially accepted the subordinate's recommendations without evaluation of any kind." Dkt. 76 (*citing Johnson v. Louisiana*, 369 F.3d 826, 832 (5th Cir. 2004); *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 604 n. 14 (5th Cir. 2001); *Rios v. Rossotti*, 252 F.3d 375, 382 (5th Cir. 2001);

*Russell v. McKinney Hospital Venture*, 235 F.3d 219, 227 (5th Cir. 2000)).  In its reply brief, Harris County did not address the rubber stamp contention.  Therefore, presented with the plaintiffs' uncontroverted summary judgment evidence, the court ruled that the plaintiffs had carried their burden to show that Harris County should not be dismissed as a defendant.

In the motion for reconsideration before the court, Harris County now argues that it cannot have rubber stamped Butler's decisions because it "does not have the authority to hire or fire a specific deputy constable." Dkt. 80.  It argues that Texas law gives the county commissioners' court the authority to authorize the positions and budget their pay but no discretionary authority over a deputy constable's employment.  *See* TEX. LOC. GOV'T CODE §§ 86.011(a), 151.002 & 151.004.  Therefore, Harris Couty urges the court to find that Butler had the sole discretion to make a decision regarding the plaintiffs' employment.

Unfortunately for Harris County, in this case all roads lead to Rome.  Assuming this court agreed with Harris County that Butler had sole discretion regarding the employment status of the plaintiffs, Butler would then be a final policymaker and any alleged unconstitutional actions on his part would still be imputed to Harris County.  *See, e.g., Brady v. Fort Bend County*, 145 F.3d 691, 702 (5th Cir. 1998) ("[T]he fact that under Texas law, no other official or governmental entity of the county exerts any control over the sheriff's discretion in filling available deputy positions is what indicates that the sheriff constitutes the county's final policymaker in this area.").  Either, (1) Harris County had final authority to make employment decision in which case it would be liable for Butler's employment decisions under the rubber stamp theory, or (2) Butler had the final authority in which case he is the final policy maker and Harris County therefore would be liable for his allegedly unconstitutional acts.  The final authority must rest with someone.  The court sees no other

2

viable candidates.  Therefore, the court amends its ruling insofar as it held that Harris County had the power to hire and fire deputy constables and could therefore be liable for Butler's actions under the rubber stamp theory.  Since the end result is the same regardless of the theory, the court finds that Harris County would be liable if any of Butler's employment decisions are found to be unconstitutional.  Accordingly, the court will not dismiss Harris County as a defendant.

### Conclusion

Pending before the court is Harris County's motion for reconsideration of its motion for summary judgment.  Dkt. 80.  For the foregoing reasons, the motion will be GRANTED insofar as it specifies that Harris County would be liable solely under the rubber stamp theory for any of Butler's allegedly unconstitutional acts .  However, because Harris County is a proper defendant under either theory, the motion is DENIED in regard to Harris County's liability for any unconstitutional employment decisions of Butler.

It is so ORDERED.

Signed at Houston, Texas on May 29, 2007.

_____
Gray H. Miller
United States District Judge